No. 3982.—ETIENNE VILLAVAS *v.* A. W. WALKER.

The wrongful suing out of an injunction to stay the execution of a judgment of the Supreme Court on alleged grounds that have arisen subsequent to the decision will not be regarded as a contempt of the authority of the Supreme Court.

ON rule for contempt. *C. Roselius* and *Alfred Philips*, for relator. *A. W. Walker*, in person, respondent.

LUDELING, C. J. The plaintiff alleges that P. Jorda, parish judge of the Parish of St. Bernard, acting as District Judge of the Second Judicial District, has, in violation and contempt of the peremptory mandamus issued by this court, granted another injunction (being the fifth) to prevent the execution of the judgment of this court rendered in the above entitled cause, at the instance of the defendant A. W. Walker, and that the conduct of the said judge and A. W. Walker evince a determination to put the authority of this court at defiance and to treat it with contempt.

The judge *a quo* is not shown to have known what proceedings had been taken in this case, and he disclaims any intention to disobey or disregard the mandates of this court. A. W. Walker also disclaims any intention to disobey and disregard the orders of this court, and he insists that what he has done has been solely to protect his legal rights.

The grounds upon which he bases his application for an injunction do not seem to be sufficient to justify the writ, but we are not prepared to say that the wrongful suing out of an injunction on alleged grounds, arising since the judgment, can be properly construed to be in contempt of the authority of this court. For the wrongful suing out of the injunction, the law furnishes a remedy by authorizing the judge to mulct the party and his surety in damages.

While we will scrupulously maintain the authority of this court and exact obedience to its mandates, we will not exercise the power in a doubtful case to punish for a contempt.

It is better that ninety-nine guilty shall escape punishment than that one person shall be deterred by this court from the exercise of a legal right. It is therefore ordered that the rule be dismissed.